UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EUGENE MABEE,

        Movant,

                                    File No. 1:14-cv-1244

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

                              /

## **O P I N I O N**

This matter is before the Court on Movant Ronald Eugene Mabee's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

On July 16, 2013, Movant pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (*United States v. Mabee*, No. 1:13-cr-99, Plea Agreement, ECF No. 18.) On October 30, 2013, he was sentenced to a term of 121 months in prison. Movant appealed the judgment of conviction and sentence. The Court's judgment was affirmed on appeal on September 3, 2014. Movant now seeks relief based on two grounds: (1) ineffective assistance of counsel; and (2) the fact that he "did not knowingly place any files on the Internet." (Mot. 4-5, ECF No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Upon consideration of this motion, it plainly appears that Movant is not entitled to relief.

### III.

First, Movant claims that he did not receive effective assistance of counsel because he was interviewed by Jasna Tosic, an attorney for the federal public defender's office, to review his pre-sentence report. At the time, Movant was represented by Sean Tilton, another attorney from the federal public defender's office. Movant claims that, as a result of Mr. Tilton's absence, Movant missed "several opportunities to correct errors in the [pre-sentence report]." (Mot. 4.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the

3

trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Movant has not satisfied the prejudice prong of the standard for ineffective assistance of counsel. Movant has not identified any errors in the pre-sentence report that had an impact on his sentence. Thus, the first ground for relief is meritless.

Second, Movant contends that he did not knowingly place any files on the Internet. Movant asserts that:

> As far as I knew ARES did not have any enable/disable feature that kept files from automatically being broadcast to the Internet[.] If it had such a feature I would have used it. I did not want any files I downloaded to [be] made available to others to download.

(Mot. 5, ECF No. 1.) This claim is also meritless because Movant has not identified an error of constitutional magnitude or a violation of due process. Movant apparently asserts that he is innocent because he did not want the child pornography that he downloaded to be distributed to others, but a federal court considers a collateral attack "to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Absent allegations of constitutional error, a "free standing innocence claim" is not cognizable in habeas proceedings. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). Movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v.*

*Carrier*, 477 U.S. 478, 496 (1986). Thus, Movant's assertion of innocence is not sufficient in itself to state a viable claim to relief.

 Moreover, Movant pleaded guilty to all the elements of the offense against him. One of those elements, which is set forth in his plea agreement, is that Movant "knowingly distributed material that contained child pornography[.]" (Plea Agreement, ECF No. 18, PageID.31.) Movant signed this agreement, affirming that he "read [it] . . . and carefully discussed every part of it with my attorney." (*Id.* at PageID.41.) Movant also asserted that he understood the terms of the agreement and voluntarily agreed to them. (*Id.*)

 In addition, at his plea hearing, Movant acknowledged that he downloaded child pornography and knowingly made it available for others to download:

> DEFENDANT MABEE: . . . I intentionally downloaded the files by names and I intentionally downloaded this file, and --
>
> THE COURT: This is the file that we've been talking about here --
>
> DEFENDANT MABEE: Yes.
>
> . . .
>
> DEFENDANT MABEE: And it was stored on my computer then in a shared file and available for others to download.
>
> THE COURT: How did you share the file?
>
> DEFENDANT MABEE: Pardon me, sir?
>
> THE COURT: How did you share the file?

DEFENDANT MABEE: It went into a file called Shared File and it was instantly available to be broadcast on the Internet.

THE COURT: Did you know that was going to happen?

DEFENDANT MABEE: Yes.

(*United States v. Mabee*, No. 1:13-cr-99, Plea Hr'g Tr. 11-12, ECF No. 31.)

Consequently, Movant cannot now claim that he did not knowingly distribute child pornography.

## IV.

In short, the files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong.

Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: May 18, 2016                                         /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE